FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2016 JAN 26 PM 3:28

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JOHN THOMAS,

    Plaintiff,

vs.

CASE NO.: 8:16-cv-208-T-30 EAJ

EAGLE EQUITY VENTURES,
INC., d/b/a SHOWGIRLS MEN'S
CLUB, and JAMIE RAND,
Individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JOHN THOMAS, by and through the undersigned counsel, sues the Defendants, EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB, a Florida for Profit Corporation, and JAMIE RAND, individually, and alleges as follows:

I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA

constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. Plaintiff was an employee of the Defendants and bring this action for unpaid minimum wages, liquidated damages, or if liquidated damages are not awarded then pre and post judgment interest at the highest allowable rate, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA") and the Florida Constitution, Article X, §24.

II. PARTIES

2. Plaintiff, JOHN THOMAS, is an individual residing in Tampa, Florida.

3. Plaintiff, JOHN THOMAS, was employed by Defendants as a "disc jockey" and performed related activities at Defendants' business from approximately December 2009 through April 2015.

4. Defendant, EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB, has its headquarters in Plant City, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

5. "Showgirls Gentleman's Club" is an adult entertainment establishment located at 4210 US-92, Plant City, FL 33566, Florida, owned and operated by the Defendants, EAGLE EQUITY VENTURES, INC. and JAMIE RAND.

6. Defendant, JAMIE RAND, is an individual resident of the State of Florida who, upon information and belief, resides in Plant City, Hillsborough County, Florida, who is the owner and operator of the Defendant, EAGLE EQUITY VENTURES, INC., and is registered as the Defendant company's sole managing member with the Florida Department of State, Division of Corporations.

7. At all times relevant hereto, EAGLE EQUITY VENTURES, INC. was a corporation formed and existing under the laws of the State of Florida.

### III. JURISDICTION

8. This action is brought under the FLSA to recover from Defendants unpaid minimum wages, liquidated damages or pre and post judgment interest, reasonable attorneys' fees and costs, and any other appropriate relief.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391, because Defendants are subject to personal jurisdiction in the Middle District of Florida, Tampa Division.

11.  In addition, venue is also proper in the Middle District of Florida, Tampa Division, because the events at issue and the resultant injury took place in the Middle District of Florida and because Defendants and Plaintiff reside within the Tampa Division.

IV. COVERAGE

12.  At all material times (2010 – 2015), Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

13.  During Plaintiff's employment with Defendants, Defendants employed at least two or more employees who handled goods, materials and supplies which had traveled in commerce.

14.  Included in such goods, materials and supplies were liquor, beer, other alcohol, cups, utensils and other bar supplies, cleaning products, etc. which originated from outside the State of Florida.

15. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

16. At all times relevant to this action Defendant, JAMIE RAND, was an individual resident of the State of Florida, who owned and operated EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB, and who regularly exercised the authority to: (a) hire and fire employees of EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB; (b) determine the work schedules for the employees of EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB; and (c) control the finances and operations of EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB.

17. By virtue of having regularly exercised that authority on behalf of EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB, JAMIE RAND is an employer as defined by 29 U.S.C. §201, et seq.

18. Additionally, Plaintiff engaged in interstate commerce during his employment with Defendants as a result of handling goods such as office and cleaning supplies, liquor, beer and other beverages, service items such as napkins, cups, utensils, etc. that had previously been moved in commerce as a part of his regular job duties performed on behalf of the Defendants.

## V. FACTUAL ALLEGATIONS

19. Defendant, EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB, is an adult entertainment establishment and provides related services to its customers in Plant City, Florida.

20. Defendant JAMIE RAND, is the owner, operator, and sole managing member of the Defendant, EAGLE EQUITY VENTURES, INC., d/b/a SHOWGIRLS GENTLEMAN'S CLUB.

21. Defendants purport to contract with individuals to perform disc jockey services as an integral part of Defendants' daily business operations.

22. Defendants purport to call these individuals "independent contractors," not employees, thereby avoiding any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

23. These so-called independent contractors are required to show up at a specific time for their assigned shift at Defendants' establishment and work until the end of the shift each day.

24. All of the sound equipment used by the Plaintiff in the performance of his job duties as disc jockey is provided by the Defendants.

25. Plaintiff is paid a shift rate for every shift worked on behalf of the Defendants.

26. As a result of this policy, Plaintiff has worked without receiving full and correct minimum wages as required by law.

27. There is virtually no opportunity for the Plaintiff to work for any other adult entertainment establishments or to perform any other disc jockeying work while working for Defendants.

28. Plaintiff, JOHN THOMAS, worked as a disc jockey for Defendants from approximately December 2009 through April 2015.

29. Plaintiff was paid a shift rate for every shift he worked during the majority of his employment with the Defendants.

30. The shift rate paid to Plaintiff during his employment varied between twenty and 0/100 to one hundred and 0/100 dollars ($20.00 - $100.00) per 8 hour shift worked.

31. Specifically, Plaintiff's wages were supposedly supplemented to become minimum wage by Defendants' performers "tipping out" to the Plaintiff each shift.

32. Notwithstanding the aforementioned policy of tipping out, Plaintiff was not consistently tipped by the performers.

33. In addition, even if all of the Defendants' performers had tipped the Plaintiff according to the policy, the total amount received would still not have equaled the applicable minimum wage for each hour worked.

34.     As a result of the aforementioned policies, Plaintiff has been damaged by Defendants' refusal to pay him full and complete minimum wages in violation of the FLSA.

## COUNT I - RECOVERY OF MINIMUM WAGES

35.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above as though fully stated herein.

36.     Plaintiff is entitled to be paid at least the statutory minimum wage for each hour worked during his employment with Defendants.

37.     During his employment with Defendants, Plaintiff performed services for the Defendants which were integral to the daily operation of the Defendants' establishment but was not paid at least the minimum wages for all hours worked.

38.     Specifically, Plaintiff was paid a flat shift rate for each shift worked which did not meet the minimum wage requirements of the FLSA.

39.     Plaintiff has demanded proper compensation for his unpaid minimum wages but Defendants have failed and/or refused to compensate him for the same.

40.     As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

41.     Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

42.     In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

43.     Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

44.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff at least minimum wage for each hour worked Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

45.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## COUNT II - VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24

46.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 34 above as though fully stated herein.

47.     Plaintiff is/was entitled to be paid the full minimum wage for each hour worked during his employment with Defendants.

48.     Defendants willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

49. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for:

a) The payment of at least minimum wages for all hours worked by him for which Defendants did not properly compensate him;

b) Liquidated damages or, if liquidated damages are not awarded, then pre- and post-judgment interest as provided by law;

c) Reasonable attorneys' fees and costs incurred in this action;

d) Trial by jury on all issues so triable;

e) Any and all further relief that this Court determines to be appropriate.

Dated this 21 day of January, 2016.

_____
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: CLeach@forthepeople.com
Attorneys for Plaintiff